IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. SKARIN, | ) | |
| | ) | 4:09CV3227 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Consistent with the court's discussions with counsel during the telephonic conference held today,

IT IS ORDERED:

1. The plaintiff's motion to extend the motion to compel deadline, (filing no. 37), and his motion to submit additional evidence in support of the motion to extend the motion to compel deadline, (filing no. 41), are deemed withdrawn.

2. The defendant's unopposed motion to extend the summary judgment deadline, (filing no. 46), is granted, and defendant's motion for summary judgment (filing no. 48), is deemed timely filed.

3. The plaintiff's deadline for responding to the defendant's motion for summary judgment is extended to December 17, 2010.

4. A settlement conference will be held before the undersigned with counsel and representatives of the parties on December 14, 2010 beginning at 1:00 p.m. in chambers, 566 Federal Building and United States Courthouse, 100 Centennial Mall North, Lincoln, Nebraska. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference in accordance with the following provisions:

   a. Unless excused by order of the court, clients or client representatives with complete authority to negotiate, consummate, and pay or accept payment in full settlement of the case shall attend the settlement conference. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy

limits in this case must have a fully authorized settlement representative present. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, in counsel's sole discretion, the client, client representative, or insurance company representative, as applicable, need not attend. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it well before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

b.  Unless personal attendance of a client is excused by the court prior to commencement of the conference, the settlement conference will be canceled or rescheduled if counsel appears for the settlement conference without client representatives or insurance company representatives who are authorized as described above. The non-complying party, attorney, or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

c..  Prior to the settlement conference, counsel shall discuss settlement with their respective clients and insurance representatives, and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance. If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed. To avoid unnecessary incurring of travel and other expenses if the settlement conference is cancelled or postponed, request for a conference to discuss cancellation or postponement must be made on or before December 30, 2010.

d.  Counsel shall submit a confidential settlement statement to the undersigned no later than two working days prior to the conference, setting forth the relevant positions of the parties concerning factual

    issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed. The statement should not exceed five (5) pages in length and will not be made a part of the case file.

e.    Notwithstanding the provisions of Rule 408, <u>Fed. R. Evid.</u>, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for <u>any</u> reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

November 19, 2010.        BY THE COURT:

                                                *s/ Cheryl R. Zwart*
                                                United States Magistrate Judge